IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-21 |
| | ) | |
| TORRELL JONES, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

**ORDER**

For essentially the same reasons stated in the government's opposition (Doc. 164), Defendant's Motion to Dismiss (Doc. 162) based on *Bruen* and *Range* will be denied. As this Court observed in U.S. v. Deamonte Law (Criminal No. 20-341 at Doc. 96), the ruling in *Range* was, by its own terms, "a narrow one." Range v. Att't Gen., 69 F.4th 96, 106 (3d Cir. 2023). The crime addressed in *Range* is clearly and facially distinguishable from the ones here. *Compare id.* at 98 (addressing the state crime of making a false statement to obtain food stamps, as-applied to that defendant) *with* Gov't's Resp. in Opp'n (Doc. 164) (summarizing the prohibitions on Defendant's possession of a firearm, including two prior felony convictions for carrying a firearm without a license, and one for possessing a firearm after a felony conviction; and noting Defendant's present charges, including the possession of firearms in furtherance of drug trafficking and while on pretrial release); *see also* U.S. v. Cotton, 2023 WL 6465836, *4 (E.D. Pa. Oct. 4, 2023) (considering, for the purposes of an as-applied challenge, not only the defendant's prior convictions but his current charges); U.S. v. Wise,

2023 WL 6260038, *4 (W.D. Pa. Sept. 26, 2023) (for purposes of an as-applied challenge, the court accepts as true the factual allegations in the charging instrument).[1]

Taking into account Defendant's prior convictions, and his current charges, the point seems too obvious to belabor. His as-applied challenge is without merit. *See, e.g.*, Cotton at *4 (rejecting a similar challenge, where the defendant was charged with possessing a firearm in connection with controlled substances, because the law has long recognized that "drugs and guns are a dangerous combination") (citations to quoted and other sources and internal alterations omitted).[2]

Defendant's facial challenge to 18 U.S.C. § 922(g)(1) likewise is rejected. The Court does not reach the issue in a vacuum, and the undesigned adopts the sound reasoning of her brethren. U.S. v. Hilliard, 2023 WL 6200066, at *1 (W.D. Pa. Sept. 21, 2023) (Ranjan, D.J., presiding); U.S. v. O'Connor, 2023 WL 5542087, *3 (W.D. Pa. Aug. 29, 2023) (Conti, D.J., presiding).

For these reasons, and for the others stated in the government's opposition, Defendant's Motion to Dismiss (**Doc. 162**) is **DENIED**.

---

[1] Consideration of Defendant's present charges, for the purposes of an as-applied challenge, logically and necessarily flows from the hypothetical. If, for example, a defendant with no significant criminal history is charged with discharging a firearm during a crime of violence, the Court would examine historical analogues to the firearm offense – not to traffic violations in his or her past.

[2] Discussions of the historical analogues recounted in the government's Opposition, and the various court decisions reaching the same conclusion, will not benefit from repetition. They are incorporated by reference. The Court declines to adopt the reasoning of the handful of outlier-decisions. Those presently are on appeal, and, if the Court of Appeals for the Third Circuit sees wisdom where this Court does not, the undersigned will stand corrected.

IT IS SO ORDERED.

October 6, 2023　　　　　　　　　　　　　s\Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　United States District Judge

cc (via ECF email notification):

All Counsel of Record